## US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Henok A. Mengesha

908 New Hampshire av nw suite 400

Washington dc 20037

v.                                                    1:19-cv-03304

Benidia Rice                                          Judge: Jackson, Amy Berman

440 4th st NW suite 550 N

Washington dc 20001

In her official and individual capacities

And

The District of Columbia

Serve: Mayor Bowser

1350 Pennsylvania av nw

Washington dc 20004

DC attorney General

1350 Pennsylvania av nw

Washington dc 20004

And

Magda Benfield

440 4th st NW suite 550 N

Washington dc 20001

In her official and individual capacities

And

Jame Kevin McIntyre

440 4th st NW suite 550 N

Washington dc 20001

In his official and individual capacities

And

Nicole M. Reece

440 4th st NW suite 550 N

Washington dc 20001

In her official and individual capacities

And

Briganty, Yajaira

440 4th st NW suite 550 N

Washington dc 20001

In her official and individual capacities

## AMENDED Complaint

Deprivation of civil rights 42 USC 1983; violation of due process; negligence, negligence per se, negligent supervision, negligent infliction of emotion stress, malicious prosecution and for preliminary and permanent injunction and issuance of conservatorship for DC IV-D agency.

## INTRODUCTION

1. In addition to the causes of action listed above, this is a civil action brought pursuant to 42-USC section 1983 seeking damages against the defendants for committing acts under

the color of law which deprived the plaintiff of rights secured under the constitution and laws of the United States and dc laws. This action also seeks relief pursuant to the common law, dc and federal statute.

## JURISDICTION

2. Jurisdiction exists in this case pursuant to the 5th amendment to the constitution and under 42- USC 1983 and diversity of the parties- several of the defendants are residents of a different state. There is also a federal question.

## PARTIES

3. Plaintiff Henok Araya Mengesha was at all times relevant herein a resident of District of Columbia

4. Defendants were at all times relevant to this proceeding OAG attorneys acting within the course and scope of their employment and employees of office child support agency or IVD agency or office of attorney general. The defendants are being sued in both their official and individual capacities

5. Defendant District of Columbia is Municipal Corporation organized pursuant to the laws of the United States. It is responsible for the hiring, training, and supervision of the identified Employees and is also responsible for the actions of the identified employees under the doctrine of respondeat superior.

6. Defendant Benidia A. Rice is the deputy attorney general and she is responsible for the hiring, training, and supervision of the identified Employees and is also responsible for the actions of the identified employees under the doctrine of respondeat superior. The defendant is being sued in both her official and individual capacities

7. Magda Benfield is been sued in her official and individual capacities. Jame Kevin McIntyre is been sued in his official and individual capacities. Nicole M. Reece is been sued in her official and individual capacities. Briganty, Yajaira is been sued in her official and individual capacities.

8. The District of Columbia was provided notice of plaintiff's claims pursuant to DC code 12-309 on 10/25 /2016 and 11/14/2018.

## Statement of Relevant Facts

9. On June 2015, defendants sent me a notice saying, unless I ask for a review, that they will be reporting me to Federal offset program for not paying child support.

10. Defendants alleged that I owed Child Support on a 09-SUP-1273. That order was dismissed and vacated by dc superior court on 4/2010. It was paid on time and in full as ordered to DC Superior Court Registry.

11. I immediately sent them a letter denying the allegation and requesting a review.

12. I never heard from them.

13. On 10/2016, Defendants issued a notice of attachment to my E-trade investment account for a total of $16,500 stating that I owed child support arrears for 6 years on the order of 09-sup-1273 order.

14. I immediately requested a hearing and a review.

15. On 11/4/2016, Defendants garnished the $16,500 without the statutory required review prior to garnishment.

16. I filed for hearing with OAH (office of administrative hearings).

17. After 3 years of trials, hearing and post hearing arguments, the OAH judge ruled that the withholding was under a closed and dismissed order..

18. OAH judge ordered that the defendants return the funds immediately. Defendants refused.

19. Defendants asked for a relief to stay the OAH order. But, the OAH judge did not stay the order.

20. At the OAH hearing, defendants testified that in 2015 when they reported to federal offset program that the order of 09-sup-1273 had no balance and no arrears.

21. They testified that the case had no arrears and admitted that the case or order that they used was dismissed with prejudice in 2010.

22. Since the dismissal of the government case of 09-SUP-1273, they testified that Ms. Keleta(oblegee) did not fill out a new application for IVD services as required by federal statute. After the dismissal of the SUP case by DC superior court, the oblegee did not request the services of IV-D agency.

23. Since 2009, the defendants testified that no action in regards to alleged past due child support was ever taken by the defendants from 2009 through end of 2015.

24. The defendants admitted and testified that they did not conduct a child support review every three years as required by federal and dc statute.

25. They admitted and testified that once there was an alleged arrears in 2009, they did not know there was any arrears and did not contact me within the required 30 days as required by federal statute governing IV-D agencies. They waited 6 years.

26. They admitted and testified that the another order of 2011 with docket number 09-drb-1388 case did not contain a provision or order to withhold any income as mandated by federal statute and DC statute.

27. They admitted and testified that the order of 2011-09-drb-1388 did not contain a provision or order that if there are payments outside of the court order that monies paid as child support would be considered a gift.

28. They admitted and testified that the order of 2011 did not contain all the statutorily required provisions of child support order.

29. They admitted and testified that the order of 2011 did not contain a notice stating that any arrears would be reported to credit reporting agencies. But, they admitted they reported regardless.

30. By federal statute, and DC case laws, defendants were required to keep track of their cases but negligently failed to keep track.

31. The defendants dragged the hearing at OAH for so many years arguing that their support case 09-sup-1273 was active contrary to all evidence.

32. The defendants knew that DC superior court had expressly in writing dismissed the government support case (09-sup-1273) with prejudice in April 2010.

33. I spent three years of my life fighting over a case that was paid in full and dismissed with prejudice eight years ago.

34. The defendants knew that the case was a baseless case, without a probable cause and their sole intent was to harass me and threatened me and for malicious prosecution purposes only.

35. To make matter worse, in November 2016 I was told by the defendants that my passport was suspended and I could not travel. I believed them.

36. I told the defendants that for Thanksgiving of 2016, I was going to Barbados to meet my 84 years old grand mother and needed my passport suspension removed.

37. The defendants refused to release the hold. They stated, in writing, that I need to pay the $71,000 for them to remove their suspension.

38. Through email, I sent the defendants that I will pay that $71,000 and I needed them to remove the suspension in the passport.

39. The defendants came back and said that they would not remove the suspension of the passport even if I paid that $71,000 unless I dismiss the case against them.

40. I told them that the case had to go forward. I did not dismiss the case/hearing in the OAH because the 09-sup-1273 was a paid in full and dismissed order. The defendants knew all along that their demand was unlawful. If I had agreed to pay the entire balance the defendants had no legal rights to suspend my passport or to claim they had suspended my passport.

41. The reporting that was done in June 2015 to the federal offset program was what suspended the passport. Federal offset program reports to the state department, irs, financial institutions, etc....

42. However, the reporting that was done was unlawful, because the order that the defendants used had no balance. There was no court order. It was dismissed with prejudice in 2010.

43. Defendants knew or should have known that their reporting to Federal Offset program was unlawful and did not full fill any federal and DC statutory requirements prior to reporting

44. The defendants had no legal rights or authority to report to federal offset program, and take any action. There was no court order allowing them to take any action and there was never a request for services by the oblgee.

45. Due to their malicious prosecution my grandmother that I was to meet in barbedos died on December 2016. In November 2016, we also had to cancel our flight and hotels in Barbados at a cost of $14,000. The defendants caused me direct damages of $14,000 by unlawfully suspending my passport. The defendant's communications to me that my passport was suspended was cruel. Because at a later point I had found out that the passport was not suspended but cannot be renewed. But I had relied on the defendant's communications that my passport was invalid and I acted accordingly to my detriment.

46. Had it not been for the defendant's negligent actions and omissions, I would have been able to see my grandmother as we had planned to. Their actions caused me severe emotional and psychological stress and trauma.

47. I have spent over 1200 hours defending a case that was dismissed with prejudice in 2010.

48. My due process rights were violated because when they sent me a letter in June 2015, I requested a hearing and a review, by federal and state statute the defendants were required to conduct a hearing or a review prior to the defendants reporting to Federal offset program. I was stripped of this right.

49. Federal offset program has strict guidelines on how IVD agencies report to it. They willfully violated the reporting requirements.

50. The defendants violated each and every requirement in reporting to the federal offset program. The defendant did not have a valid court order when they reported to the federal offset program. The defendants did not have any legal authority to withhold or report because the order that had allowed them to withhold or report had been dismissed with prejudice. The federal offset program required defendants to send a pre-offset letter to me. Defendants never sent the pre-offset letter.

51. The only letter they sent whereby I requested a hearing was not a valid notice of a preoff set notice.

52. They violated the federal Off set reporting requirements because they were required to have Accurate amounts. The defendants testified that at the time of their federal offset program reporting, I had no child support arrears on the SUP case. They admitted they reported untrue information. I was directly damaged by this false reporting.

53. Their reporting to the federal offset program lead to the financial reporting program which withheld my funds of $16,500 from my bank of America stocks.

54. In 2019, those stocks would have been worth $65,000. The defendants caused me direct damages because of their unlawful actions. I lost $45,000 plus the $16,500 that they have refused to return.

55. In July 2019, in retaliation to the loss of the case, the defendants garnished a retirement account under 09-drb-1388 case for a total of $152,000

56. The order of 09-drb-1388 did not have an order to withhold as required by dc and federal law and defendants were not legally authorized to withhold any income without a court order.

57. The order of 09-drb-1388 did not have a qualified domestic relations order that is required to withhold a retirement account.

58. There is no arrear in the order of 09-drb-1388.

59. In March 2016, DC superior court judge ruled that I was given credit for child support paid of $172k.

60. In OAH, Defendants stated that they will not honor any ruling from the bench from dc superior court or its judges. This is contrary to law and a clear defiance to court orders .

## Count

The plaintiff adopts and incorporates complaint 1-52 as if fully set forth herein for all the counts below.

### Count I. Negligence per se

DC statute and DC child support statute allows employees of CSSD to be sued for negligence. Federal law and DC law have created regulatory standard/laws/statutes so that types of incidents like plaintiff's could be and could have been prevented. Without any valid explanation, the defendants violated those statues/laws/regulations that were meant to prevent the types of damages and malicious prosecution plaintiff experienced.

Defendants did not have any legal authority to have taken the actions that they have taken. If the defendants had any legal authority, then, the defendants negligent actions and omission include: their failure to contact me within 30-60 of an alleged default/violation, their failure to conduct a financial review every three years, their 7 years delay to take any action, withholding and garnishing funds without a court order, reporting to federal offset program without a court order, without probable cause and without the due process afforded to plaintiff, reporting to credit reporting agencies without a court order or without a notice, reporting to federal offset program which in turn reported to all other agencies, their failure to keep track of their cases, their failure to attend scheduled court hearings, their failure to follow court orders, their failure to make accurate reports to Federal offset program, their failure to ascertain that the SUP order they relied on was a closed and dismissed case, their withholding of stocks without the required due process, their garnishment without the required due process, and they were not authorized to take any action without the oblegee requesting their service; but they did.

As a direct and proximate result of defendants negligence per se, I have suffered and will continue to suffer financial damages, sever emotional and psychological damages, loss of reputation and malicious prosecution. If it were not for their negligence, I would have rectified any alleged default within its 30-60 days in 2009. If it were not for their negligence, I would have went to barbedos and seen my grand-mother prior to her death, I would not have lost $65k from my stocks, I would not have been maliciously prosecuted, I would not have experienced severe emotional and psychological trauma and stress, I would not have spent 3 years and 1200 hours litigating a dismissed and closed case, and I would not have lost my reputation and been humiliated publicly.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.

## COUNT II

### (Negligent Infliction of Emotional Distress)

Defendants individually and/or through their agents, negligently caused severe emotional distress to the plaintiff by way of the their extremely negligent, reckless and indifferent conduct, including but not limited to their failure to contact me within 30-60 of an alleged default/violation, their failure to conduct a financial review every three years, their 7 years delay to take any action, withholding and garnishing funds without a court order, reporting to federal offset program without a court order, without probable cause and without the due process afforded to plaintiff, reporting to credit reporting agencies without a court order or without a notice, reporting to federal offset program which in turn reported to all other agencies, their failure to keep track of their cases, their failure to attend scheduled court hearings, their failure to

follow court orders, their failure to make accurate reports to Federal offset program, their failure to ascertain that the SUP order they relied on was a closed and dismissed case, their withholding of stocks without the required due process, their garnishment without the required due process, and they were not authorized to take any action without the obligee requesting their service; but they did.

As a direct and proximate result of defendants negligence , I have suffered and will continue to suffer  financial damages, sever emotional and psychological damages, loss of reputation and malicious prosecution. If it were not for their negligence, I would have rectified any alleged default within its 30-60 days in 2009. If it were not for their negligence, I would have went to Barbados and seen my grand-mother prior to her death; I would not have lost $65k from my stocks; I would not have been maliciously prosecuted; I would not have experienced severe emotional and psychological trauma and stress; I would not have spent 3 years and 1200 hours litigating a dismissed and closed case and I would not have lost my reputation and been humiliated publicly.

Defendants had an obligations to me that was created by federal and dc statute. By statute, they were mandated to contact me within 30-60 days after an alleged default. They did not.  They were mandated by law to do a review of support every three years. They did not. They were mandate by law to keep track of their cases. They did not. They were not allowed to report to Federal offset when there was no balance, but, they did.  They were not allowed to withhold without a court order, but, they did. They were required to conduct a review prior to reporting to Federal offset program; they did not. They were required to conduct a financial review prior to reporting to Federal Offset; they did not. They were required to conduct a review prior to

garnishment; they did not. They were not authorized to take any action without the oblegee requesting their service; but they did.

Their failure/negligence to follow the law and their obligations to me had more than likely risk to cause serious emotional distress to plaintiff. The negligence, actions and omissions of the defendants in the breach of the obligations have caused serious emotional distress to plaintiff. I suffered three years of traumatic trials based on a dismissed and paid in full case. The actions and omissions of defendants caused me not to see my grand mother before her passing. Had they not been negligent, and had they not breached their obligation, I would have been able to see my grand mother. This has caused me a sever grief and sadness. The defendants repeatedly referred to me and treated me as "unfit or dead beat father" . This name calling and actions based on a label has caused me and will continue to cause me a severe psychological and emotional trauma that will be collaborated by a therapist/expert. I take excellent care of my children. I financially and emotionally support my children beyond and above the minimum child support order.

As a direct and proximate result of defendants' extremely negligent, reckless and indifferent conduct, the plaintiff suffered severe emotional distress, mental anguish and anxiety from the defendants actions and omissions and prosecution over a period of over 3 years .

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.

a. Had it not been for the negligence and malicious prosecution, I would not have lost 1200 hours of my time defending a baseless case. As a direct and proximate cause of the

defendants negligence, I have lost 1200 worth of work time at an estimate of $2.8 million.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, eight Hundred Thousand Dollars ($2,800,000.00), in compensatory & punitive damages, plus interest and costs for the amount of time lost on litigation that caused the emotional distress.

b.  Had it not been for that negligence and malicious prosecution of defendants, I would have been able to see my grand-mother before she died and their actions have directly and proximately caused me severe and permanent and irreversible emotional distress and psychological damages.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.

c.  Had it not been for the negligence and malicious prosecution of defendants, I would have been able to travel to Barbados and enjoy my time with my family. As a direct and proximate cause of the defendants' actions I lost $14,000, experienced pain, suffering and anxiety that I should not have experienced. Defendants are responsible for the $14,000. As a direct and proximate result of defendants' extremely negligent, reckless and indifferent conduct, the plaintiff suffered a loss of $14,000 and severe emotional distress, mental anguish and anxiety from the defendants actions and omissions and prosecution over a period of over 3 years and a loss of enjoyment of family vacation.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.

d. Had the defendants conducted a financial review every three years as required by federal statute and DC statute, any alleged past due amounts could have been addressed sooner than 5 to 7 years. Had they not been negligent and failed to do a financial review at the earliest in 2011, I would not have been injured as stated above. They alleged I was in arrears starting 9/2009. Even though there was no arrears, had they reached out to me in 2009 as required by Federal statute and DC statute, any alleged arrears could have been rectified. The defendants violated a statutory right and constitutional right of due process, and that my right was clearly established at the time of the defendants conduct.

As a direct and proximate result of defendants' extremely negligent, reckless and indifferent conduct, the plaintiff suffered severe emotional distress, mental anguish and anxiety from the defendants actions and omissions and prosecution over a period of over 3 years .

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.

e. Had the defendants not been negligent and failed to keep track of their cases with DC Superior Court as required by federal statute and DC law, any alleged arrears could have been addressed prior to 5 to 7 years delay and I would not have suffered any injury. The defendants violated a statutory rights and constitutional right of due process, and that my right was clearly established at the time of the defendants conduct.

As a direct and proximate result of defendants' extremely negligent, reckless and indifferent conduct, the plaintiff suffered severe emotional distress, mental anguish and anxiety from the defendants actions and omissions and prosecution over a period of over 3 years .

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.


### Count III-Deprivation of civil right-due process clause

By federal statute, they were required to have a court order in order to take an action, they did not, the defendants were required to contact me within 30-60 of an alleged default/violation; they did not. They were required or give a notice for a financial review every three years; they did not. They were not authorized to withhold and garnish funds without a court order; they did. They were not authorized to report me to federal offset program without a court order, without probable cause and without the due process afforded to plaintiff; they did. They were not authorized to report me to credit reporting agencies without a court order or without a notice; they did. They failed to attend scheduled court hearings. They refused to follow court orders that benefited me by stating that they do not follow some judge's orders unless the judge writes the order to their liking or format (this is in the transcripts). They were not authorized to report wrong data to Federal offset program; they did. They were not authorized to take any actions without an oblegee requesting a service; they did.

They negligently failed to follow the federal statute. The defendants violated a statutory right and constitutional right of due process, and that my rights were clearly established at the

time of the defendants conduct. As a direct and proximate result of violation of my due process rights and violation of my protected statutory rights, I have suffered and will continue to suffer financial damages, sever emotional and psychological damages, loss of reputation and malicious prosecution.

If it were not for their violation of my due process and violation of my statutory rights, and had they contacted me within 30 to 60 days of alleged default rather than contacting me 5 to 7 years later, I would not have been injured and spent so much time defending baseless allegations. I would not have lost a planned vacation. I would not have lost valuable time with my grandmother before her passing. I would not have suffered severe psychological and emotional stress. Had they reached out to me in 2009, any alleged arrears would have been rectified. I would not have lost $65k from my stocks; I would not have been maliciously prosecuted; I would not have experienced severe emotional and psychological trauma and stress; I would not have been dragged in court for over three years fighting a baseless and meritless case; I would not have spent 3 years and 1200 hours litigating a dismissed and closed case, and I would have lost my reputation.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.

**Count IV- Malicious Prosecution**

Even though the defendants knew the support order was dismissed in April 2010, defendants continued to prosecute me for baseless and meritless allegations for over 3 years which they knew or should have known had no basis in fact or law and unconscionably prosecuted for arrears that did not exist and was knowingly without basis.

The defendants instituted and continued prosecution and the prosecution was terminated in my favor. There was no probable cause for the proceeding because the case or order used by the defendants had been dismissed with prejudice and had zero balance on it. The defendants' primary purpose was malice. They were not trying to do justice. They knew the case had been dismissed. But, since they have unlimited power, they prosecuted me for 3 years in a row. They caused me and will continue to cause me sever emotional and psychological trauma. They caused me financial damages. They caused me damages to my reputation because the defendants started sharing with friends that I was not paying child support and they will "get me". They were referring to me as "dead beat father" that abandoned his kids. The defendants acted in willful, wanton, reckless, and oppressive disregard for the rights of the plaintiff and they lacked probable cause. They were neglectful, incompetent, and indifferent. I ask that a jury determine the issue of malicious prosecution specifically the issue of malice.

As a direct and proximate result of defendants' malicious prosecution, the plaintiff suffered severe emotional distress, mental anguish and anxiety and financial damages.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,000.00), in compensatory & punitive damages, plus interest and costs.

### Count V- Negligent Supervision

At all times relevant herein, the defendants were acting under the direction and control and pursuant to the rules, regulations, policies, and procedures of the defendant District of Columbia and under the direct supervision of Ms. Rice.

DC and Ms. Rice are liable on the basis of respondent superior for the actions and omissions of the defendants. DC is also liable for Ms. Rice's actions and omissions.

Defendant District of Columbia and Ms Rice acted negligently, carelessly, and recklessly by failing to properly supervise, control, direct and monitor the defendant subordinates.

As a direct and proximate result of the acts and omissions of defendants DC and Ms. Rice, plaintiff was wrongly and unlawfully maliciously prosecuted, negligently inflicted emotional distress and lost his grand mother, his due process rights violated, lost his finances, lost over 1200 hours of work, and lost his freedom to travel to Barbados.

Wherefore, plaintiff demands judgement against the defendants DC and Ms. Rice, jointly and severally, in the full and fair amount of $3,000,000 (three million) in compensatory and punitive damages, plus interest and costs.

## Count VI- Return of Funds

The defendants admitted that at the time they withheld and garnished the funds from etrade account, the order that they had had no balance and was paid off. They also admitted that the order was dismissed with prejudice. At the time of the withholding, the stock of BAC was worth $16 and after the withholding and garnishment, the stock went up to $33. Had defendants not unlawfully garnished my stocks, my stock would have been worth $65,000. Defendants are liable for the $65000 loss due to their violation of my due process, violation of federal and dc statute, negligence per se, and malicious prosecution.

## Count VII-Preliminary and permanent injunction

I ask for permanent and preliminary injunction's preventing the defendants from reporting to federal offset program including all the other programs under Federal offset programs unless they have an order from DC superior court to withhold income. Without an order to withhold from DC Superior Court, the IVD agency cannot report to federal offset program to withhold or intercept income. Until they get an order from DC superior court,

Defendants should be enjoined. They cannot report to federal offset program until I exhaust my due process to hearing in the office of administrative hearings or dc superior court. Federal law prohibits reporting to federal offset unless a due process had been afforded to plaintiff. This court should order the removal of all reporting from Federal offset program and all the branches that the federal offset program reports to.

## Count VIII-Conservator

Petitioner asks that this court issue a conservator for the DC IV-D agency and conduct a review in regards to the hiring, training and managing of its employees. The conservator should investigate the 60,000 children that have not received child support while the defendants are prosecuting plaintiff. The conservator should investigate the DC IV-D agency for any harassment and discrimination against any obligor that had been the subject of defendants tyranny.

The defendants focus is misguided and their actions are consistent with government employee corruption and misuse of the government's public funds for their private and personal interested. The lives of 60,000 children have been abandoned by Ms. Rice and her staff while they employed every sinister attack on plaintiff. A temporary conservator is a prudent route because the IVD agency runs the federal child support program and it is within this court's power to do so.

## COUNT IX

The defendants were not legally authorized to withhold retirement account. As a direct and proximate result of their unlawful withholding and garnishment, I lost 30% in value of my retirement account and I am liable to $75k in early withdrawal of my retirement account. Defendants are liable for the 30% loss of value due to their violation of my due process,

violation of federal and dc statute, negligence per se, and malicious prosecution. Defendants are also liable for the $75,000 of tax liability that was as a direct result of their unlawful action.

**Jury Demand**

The plaintiff demands a trial by jury on all issues triable. Plaintiff also requests judgement against the defendants real and personal property to secure any judgement that might be rendered from this court.

*Henok Araya*

Respectfully Submitted

Henok A. Mengesha

908 new Hampshire av nw suite 400

Washington dc 20037