UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENOK MENGESHA,<br><br>            *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>            *Defendants*. | Case No. 1:19-cv-3304 (ABJ) |

## DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Defendant District of Columbia (the District) hereby responds to Plaintiff Henok Mengesha's Motion for a Preliminary Injunction (Pl.'s Mot.) [24], filed on May 15, 2020. The Court should deny Plaintiff's motion because: (1) Plaintiff is unlikely to succeed on the merits of his claims; (2) Plaintiff will not suffer irreparable harm if the Court denies his motion; (3) the balance of the equities favors denial of Plaintiff's motion; (4) it would be in the public interest to deny Plaintiff's motion; and (5) Plaintiff fails to meet the high burden required for relief that changes the status quo.

### BACKGROUND

Plaintiff filed the Amended Complaint on December 6, 2019, against the District and Benidia Rice, Magda Benfield, James McIntyre, Nicole Reece, and Yajaira Briganty, who are all current or former employees of the D.C. Office of the Attorney General's Child Support Services Division (CSSD). Plaintiff claims that Defendants are liable for their allegedly unlawful actions in enforcing a D.C. Superior Court child support order. Plaintiff asserts a constitutional tort claim and various common law claims. *See* Am. Compl. [4-1] at 10-19.

The allegations in the Amended Complaint concern the District's enforcement of a D.C. Superior Court order awarding child support to Plaintiff's ex-wife Aida Kaleta. Plaintiff and Kaleta have an extensive history of litigation, including at least eight different Superior Court cases relating to domestic violence, divorce, and child support. *See generally* Dkts., D.C. Super. Ct. Case Nos. 2009 CPO 1579; 2009 CPO 1789; 2009 CPO 2447; 2009 CPO 2448; 2009 DRB 1388; 2009 DRB 3351; 2009 INT 261; 2009 SUP 1273.[1] By order dated November 6, 2009 in Case No. 2009 DRB 1388, the Superior Court consolidated the four "CPO" cases with 2009 DRB 1388 and 2009 SUP 1273. *See* Def.'s Mot. to Dismiss, Ex. 1 [6-1 at 6]. Five months later, on April 20, 2010, the Superior Court dismissed several of the consolidated cases, including 2009 SUP 1273, stating that it was redundant of 2009 DRB 1388. *Id.*

CSSD was a party to the support, or "SUP," case, but was not notified of the administrative dismissal. *Id.* Despite the dismissal, the case docket of the SUP case remained active with additional filings. *Id.* [6-1 at 6-13]. Ultimately, the Superior Court granted a divorce decree in 2011, which bore a case caption including case numbers 2009 DRB 1388, 2009 CPO 1579, 2009 CPO 1789, and 2009 DRB 3351. *Id.* [6-1 at 10]. The decree in part awarded Kaleta child support retroactive to 2010 in the amount of $3,128.00 per month. *Id.* [6-1 at 9].

Following the award of child support, the District initiated several related administrative actions on behalf of Kaleta to enforce the child support award granted in the consolidated cases. As relevant to the dispute here, two Office of Administrative Hearings (OAH) cases, 2016 OAG 00006 and 2018 OAG 00038, addressed the attachment of Plaintiff's E*Trade account. The 2016 case began after CSSD filed an Administrative Order of Condemnation to attach the funds

---

[1]   The lengthy procedural history summarized here is explained in further detail in the June 17, 2017 Final Order in the Office of Administrative Hearings, Case No. 2018 OAG 00038. *See* Def.'s Mot. to Dismiss, Ex. 1 [6-1] (June 17, 2019 Final Order); *see also* Am. Compl. ¶ 17 (incorporating the Final Order by reference).

in Plaintiff's E*Trade account in partial satisfaction of his outstanding child support balance. *See id.* [6-1 at 2]. Following an evidentiary hearing, the Hearing Officer issued a final order remanding the case to CSSD for an administrative review. *Id.*

Upon completion of the review, OAH opened a new case, 2018 OAG 00038, to address the propriety of the attachment of the E*Trade funds. *Id.* [6-1 at 3]. In that case, the Hearing Officer determined that (1) at the time of attachment, Plaintiff owed over $165,000 in child support arrears, an amount far greater than the $16,500 attached; (2) the District improperly garnished the E*Trade account not because garnishment was otherwise unlawful, but because the District filed the garnishment in connection with the wrong case—the closed 2009 SUP 1273 case rather than the 2009 DRB 1388 case; and (3) the District should return the funds to Plaintiff. *Id.* [6-1 at 23-24]. The District is currently appealing that decision within OAH.

In the Amended Complaint, Plaintiff alleges that the District's enforcement of the child support award was unlawful because it failed to comply with various purported legal requirements. *See* Am. Compl. [12] ¶¶ 22, 24-30. Plaintiff also alleges that he was able to challenge the enforcement actions and was successful in part. *Id.* ¶¶ 14, 16-17. As a result of the alleged illegal action, Plaintiff asserts that he sustained financial losses and was unable to travel to visit his grandmother in Barbados. *Id.* ¶¶ 51, 52. The Amended Complaint asserts nine counts. The sole federal claim, Count III, alleges that the District deprived Plaintiff of his constitutional due process rights by wrongfully attaching his E*Trade account. *Id.* at 16-17. The remaining counts assert common law claims, *id.* at 10-16, 17-19 (Counts I, II, IV, and V), or assert only a type of relief sought rather than a theory of liability, *See id.* at 19-21 (Counts VI-IX).

On April 10, 2020, the District filed a motion to dismiss the Amended Complaint, arguing that Plaintiff failed to serve the District[2] and that the Amended Complaint fails to state a claim. On May 15, 2020, Plaintiff filed the present motion for preliminary injunction, asking the Court "to restrain and reverse the District of Columbia from reporting to the federal offset program and to any of its branches and from reporting to credit reporting agencies without a valid court order and without an application for services from the obligee."  Pl.'s Mot. at 1.

## STANDARD OF REVIEW

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotation marks omitted) (emphasis in original). A court analyzes four factors when determining whether a party is entitled to preliminary relief: (1) the likelihood of the movant's success on the merits; (2) the likelihood of irreparable harm in the absence of the injunction; (3) the balance of the equities; and (4) whether the injunction is in the public interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 26 (D.D.C. 2001); *Mova Pharmaceutical Corp. v. Shalala*, 140 F. 3d 1060, 1066 (D.C. Cir. 1998).

Courts in this jurisdiction employ a "sliding scale" analysis, where an unusually strong showing on one factor may compensate for a weaker showing on another. *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (quoting *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 361 (D.C. Cir. 1999)).[3]  The sliding scale notwithstanding, the movant

---

[2]  In its May 11, 2020 reply memorandum, the District abandoned the service argument and acknowledged that Plaintiff has now properly served the District with the Summons and Amended Complaint.  Def.'s Reply [22] at 2.

[3]  Although it is an open question whether the sliding scale framework survives the Supreme Court's decision in *Winter*, the D.C. Circuit has not yet abandoned this approach.  *See*

must show that irreparable harm is likely and "not just a possibility." *Winter*, 555 U.S. at 21. Thus, a lack of irreparable harm is a basis for denying preliminary relief "even if the other three factors entering the calculus merit such relief." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290 (D.C. Cir. 2006).

## ARGUMENT

**I.     Plaintiff Is Not Likely to Succeed on the Merits**

Plaintiff states in conclusory fashion that he is likely to succeed on the merits of his case, and he repeats the allegation that CSSD took enforcement actions against him without a "valid court order." Pl.'s Mot. at 3. But Plaintiff fails to show—or even argue—that he is likely to succeed on the merits of the specific *claims* that he has asserted in the Amended Complaint. For a myriad of reasons detailed in the District's motion to dismiss, the District, not Plaintiff, is likely to succeed on the merits in this case. *See* Def.'s Mot. to Dismiss [6] at 10-18. The District incorporates by reference its arguments for dismissal of Plaintiff's claims. Because Plaintiff cannot show likelihood of success on the merits, the Court should deny the motion for preliminary injunction.

**II.    Plaintiff Will Not Suffer Irreparable Harm if the Requested Relief is Denied.**

Plaintiff has not demonstrated that he will suffer irreparable harm if the Court does not grant his motion. "[A] movant is not entitled to the extraordinary and drastic remedy of a preliminary injunction unless, *by a clear showing*, the movant shows that irreparable injury is *likely* in the absence of an injunction, regardless of the likelihood of success on the merits of his

---

*Sherley v. Sebelius*, 644 F.3d 388, 392-93 (D.C. Cir. 2011); *Lofton v. District of Columbia*, 7 F. Supp. 3d 117, 121 n.3 (D.D.C. 2013); *see also Winter*, 555 U.S. at 51 (Ginsberg, J., dissenting) ("This Court has never rejected [the sliding scale] formulation, and I do not believe it does so today.").

claims." *Singh v. McConville*, 187 F. Supp. 3d 152, 160 (D.D.C. 2016) (citations and quotation marks omitted) (emphasis in original). "In order to be considered irreparable, the injury must be both certain and great, actual and not theoretical, beyond remediation, and of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* at 160-61 (citations and quotation marks omitted) (emphasis in original).

Here, Plaintiff cannot meet this standard. Plaintiff is in the same position he has been in since August 2016 when CSSD began enforcing the child support arrears. Accordingly, there is no showing that now, almost four years after CSSD issued the initial Administrative Order of Condemnation, Plaintiff faces imminent and irreparable harm. Indeed, Plaintiff concedes that he "*ha[s] suffered . . .* and *will continue to suffer* irreparable harm" because of CSSD's enforcement actions. Pl.'s Mot. at 3 (emphasis added). Plaintiff alleges that as a result of the District's alleged reporting to credit agencies, he cannot "get government clearances," "refinance or purchase properties," and "renew [his] licenses or travel documents." *Id.* at 2. But Plaintiff does not demonstrate the existence of any "actual and not theoretical" injury. *Singh*, 187 F. Supp. 3d at 160. As Plaintiff has not shown he will suffer irreparable harm, he is not entitled to the extraordinary relief of a preliminary injunction.

Moreover, irreparable harm must, ordinarily, go beyond economic harm because money damages are not to be paid before a case is completed. *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1295 (D.C. Cir 2009); *Friends for All Children, Inc., v. Lockheed Aircraft Corp.*, 746 F.2d 816, 831 (D.C. Cir. 1984). Here, Plaintiff seeks an order preventing the District from enforcing child support arrears, and thus his request for a preliminary injunction is based on economic harm. Because Plaintiff cannot show that he will suffer irreparable injury if the Court does not grant the requested relief, the Court should deny the motion for preliminary injunction.

### III.  The Balance of the Equities Favors the District.

The balance of the equities favors the District.  "In evaluating whether a preliminary injunction should issue, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"  *ConverDyn v. Moniz,* 68 F. Supp. 3d 34, 52 (D.D.C. 2014) (quoting *Winter*, 555 U.S. at 24).  The fact that the non-moving would be injured by the injunctive relief is a factor weighing against granting a motion for preliminary injunction.  *See id.* at 53 ("When the issuance of a preliminary injunction, while preventing harm to one party, causes injury to the other, this factor does not weigh in favor of granting preliminary injunctive relief.").

If Plaintiff's motion is granted but Plaintiff does not succeed on the merits of his claims (and as stated in Section I, *supra*, he is unlikely to prevail on the merits), it will cause an unnecessary disruption to CSSD's authority to enforce child support arrears in the District of Columbia, as well as a disruption to OAH's jurisdiction to review CSSD's enforcement actions. Moreover, in balancing the equities, the Court can consider potential injury to "innocent third parties," and in this case, an injunction by this Court stopping CSSD from enforcing child support arrears would undeniably injure Kaleta and the children in question.  *See id.* (finding that the court could consider potential layoffs that would result from an injunction shutting down certain Department of Energy programs).  Plaintiff, on the other hand, would not be injured at all if the Court denies his motion, as he freely admits that the "harm" he seeks to remedy—CSSD's enforcement of child support arrears—has existed since August 2016.  Because the balance of the equities favors the District, the Court should deny Plaintiff's motion for preliminary injunction.

**IV.     Granting the Requested Injunctive Relief Would Not Be in the Public Interest.**

Granting the relief requested here would represent a major disruption of a carefully crafted legislative scheme for enforcing child support arrears and conducting an administrative review of these enforcement actions.  Thus, granting the requested injunction would not be in the public interest.  *See, e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 514 F. Supp. 2d 7, 11 (D.D.C. 2007) ("Finally, the Court finds that the public interest would be ill served by granting the motion for a preliminary injunction.  Although plaintiff has noted the great amount of public attention focused on the subject of plaintiff s FOIA request, such public attention does not necessarily establish that the public interest would be served by granting the injunction.").  Procedures exist for administrative review of CSSD's enforcement actions, and indeed Plaintiff concedes as much in his amended complaint.  Additionally, final orders of OAH are subject to judicial review.  D.C. Code § 2-1831.16.  Plaintiff would have this Court disregard such statutory and regulatory prescriptions and intervene rather than adhere to the statutory scheme.  Such a course can only impair the orderly conduct of the adjudication procedures prescribed by Congress, and thus would not be in the public interest.  Because granting the requested injunctive relief would not be in the public interest, the Court should deny Plaintiff's motion for preliminary injunction.

**V.     The Court Should Deny the Motion Because Plaintiff Seeks to Change the Status Quo.**

In addition to failing to meet the four requirements for entitlement to preliminary relief as set forth above, Plaintiff fails to meet an even more basic standard.  Specifically, Plaintiff improperly seeks to change the status quo.  It is well established that "[w]hen a party seeks a mandatory injunction—to change the status quo through action rather than merely to preserve the status quo—typically the moving party must meet a higher standard than in the ordinary case:

8

the movant must show 'clearly' that she is entitled to relief or that extreme or very serious damage will result." *In re Navy Chaplaincy*, 516 F. Supp. 2d 119, 123 (D.D.C. 2007). "The D.C. Circuit . . . has not yet adopted or, for that matter, rejected this rule." *Id.* (citing *Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816, 834 n.31 (D.C. Cir. 1984)). Plaintiff cannot meet this elevated standard. Accordingly, the Court should deny Plaintiff's motion for a preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for a preliminary injunction.

Date: May 21, 2020

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Philip Medley*
PHILIP MEDLEY [1010307]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001
(202) 724-6626
(202) 741-5920 (fax)
Philip.medley@dc.gov

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South

Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov

*Counsel for District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, I served a copy of the foregoing Opposition via email upon:

Henok A. Mengesha
908 New Hampshire Ave., NW
Suite 400
Washington, DC 20037
arayahen@yahoo.com
*Plaintiff pro se*

/s/ *Philip Medley*
PHILIP MEDLEY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENOK MENGESHA,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>*Defendants*. | Case No. 1:19-cv-3304 (ABJ) |

## ORDER

Upon consideration of Plaintiff's motion for a preliminary injunction, Defendant District of Columbia's opposition thereto, any reply, and the entire record herein, it is by the Court this _____ day of _____, 2020, hereby

**ORDERED** that Plaintiff's Motion is **DENIED**.

_____
AMY BERMAN JACKSON
United States District Judge

Copies to:

Henok Mengesha
*Pro se Plaintiff*

Phil Medley
Matthew Trout
*Counsel for Defendant District of Columbia*