UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENOK MENGESHA,<br><br>   *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>   *Defendants*. | Case No. 1:19-cv-3304 (ABJ) |

## DEFENDANTS BENIDIA RICE, JAMES KEVIN McINTYRE, AND MAGDA BENFIELD'S MOTION TO DISMISS THE AMENDED COMPLAINT

  Defendants Benidia Rice, James Kevin McIntyre, and Magda Benfield respectfully move the Court under Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint, filed on December 6, 2019. The Amended Complaint fails to state a claim for which relief can be granted against Defendants in their official or personal capacities. A memorandum of points and authorities supporting this motion and a proposed order are attached.

Date: June 9, 2020          Respectfully submitted,

                  KARL A. RACINE
                  Attorney General for the District of Columbia

                  CHAD COPELAND
                  Deputy Attorney General
                  Civil Litigation Division

                  /s/ *Christina Okereke*
                  CHRISTINA OKEREKE [219272]
                  Chief, Civil Litigation Division Section II

                  /s/ *Philip Medley*
                  PHILIP MEDLEY [1010307]
                  Assistant Attorney General
                  441 Fourth Street, N.W.

Suite 630 South
Washington, D.C. 20001
(202) 724-6626
(202) 741-5920 (fax)
Philip.medley@dc.gov

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov

*Counsel for Defendants Rice, McIntyre, and Benfield*

## CERTIFICATE OF SERVICE

This certifies that on June 9, 2020, undersigned counsel served a copy of the foregoing Motion to Dismiss the Amended Complaint and the memorandum of points and authorities and proposed order attached thereto on Plaintiff *pro se* via email at the following address:

arayahen@yahoo.com

/s/ *Matthew Trout*
MATTHEW TROUT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENOK MENGESHA,<br><br>*Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>*Defendants*. | Case No. 1:19-cv-3304 (ABJ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BENIDIA RICE, JAMES KEVIN McINTYRE, AND MAGDA BENFIELD'S MOTION TO DISMISS THE AMENDED COMPLAINT

### INTRODUCTION

Defendant Benidia Rice, James Kevin McIntyre, and Magda Benfield submit this memorandum of points and authorities in support of their motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6). The Amended Complaint does not state any claim for which relief can be granted against Defendants Rice, McIntyre, and Benfield in either their personal or official capacities. Accordingly, the Court should grant their motion to dismiss and dismiss the Amended Complaint as against them with prejudice.

### FACTS

Plaintiff filed the Amended Complaint on December 6, 2019, against the District of Columbia (the District) and Benidia Rice, Magda Benfield, James McIntyre, Nicole Reece, and Yajaira Briganty, who are all current or former employees of the D.C. Office of the Attorney General's Child Support Services Division (CSSD). Plaintiff claims that the defendants are liable for their allegedly unlawful actions to enforce a D.C. Superior Court child support order.

Plaintiff asserts a constitutional tort claim and various common law claims. *See* Am. Compl. [4-1] at 10-19.

The allegations in the Amended Complaint concern the District's enforcement of a D.C. Superior Court order awarding child support to Plaintiff's ex-wife Aida Kaleta. Plaintiff and Kaleta have an extensive history of litigation, including at least eight different Superior Court cases relating to domestic violence, divorce, and child support. *See generally* Dkts., D.C. Super. Ct. Case Nos. 2009 CPO 1579; 2009 CPO 1789; 2009 CPO 2447; 2009 CPO 2448; 2009 DRB 1388; 2009 DRB 3351; 2009 INT 261; 2009 SUP 1273.[1] By order dated November 6, 2009 in case 2009 DRB 1388, the Superior Court consolidated the four "CPO" cases with 2009 DRB 1388 and 2009 SUP 1273. *See* Def. Dist. of Columbia's Mot. to Dismiss Ex. 1 [6-1] at 5. Five months later, on April 20, 2010, the Superior Court dismissed several of the consolidated cases including 2009 SUP 1273, stating that it was redundant of 2009 DRB 1388. *Id.*

CSSD was a party to the support, or "SUP," case, but was not notified of the administrative dismissal. *Id.* at 5. Despite the dismissal, the case docket of the SUP case remained active with additional filings. *Id.* at 5-12. Ultimately, the Superior Court granted a divorce decree in 2011, which bore a case caption including case numbers 2009 DRB 1388, 2009 CPO 1579, 2009 CPO 1789, and 2009 DRB 3351. *Id.* at 9. The decree in part awarded Kaleta child support retroactive to 2010 in the amount of $3,128.00 per month. *Id.* at 8.

---

[1] The Court may take judicial notice of related proceedings without converting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) to a motion for summary judgment. *See Dupree v. Jefferson*, 666 F.2d 606, 608 n.1 (D.C. Cir. 1981); *In re Domestic Airline Travel Antitrust Litigation*, 221 F. Supp. 3d 56, 70 (D.D.C. 2016). The lengthy procedural history summarized here is explained in further detail in the June 17, 2017 Final Order in the Office of Administrative Hearings Case No. 2018 OAG 00038, attached as Exhibit 1 to Defendant District of Columbia's Motion to Dismiss the Amended Complaint. *See* Def. Dist. of Columbia's Mot. to Dismiss Ex. 1 [6-1] (June 17, 2019 Final Order); *see also* Am. Compl. ¶ 17 (incorporating the Final Order by reference).

Following the award of child support, the District initiated several related administrative actions on behalf of Kaleta to enforce the child support award granted in the consolidated cases. As relevant to the dispute here, two Office of Administrative Hearings (OAH) cases, 2016 OAG 00006 and 2018 OAG 00038, addressed the attachment of Plaintiff's E*Trade account.  The 2016 case began after CSSD filed an Administrative Order of Condemnation to attach the funds in Plaintiff's E*Trade account in partial satisfaction of his outstanding child support balance. *See* Ex. 1, OAH Final Order, dated June 17, 2019, at 1.  Following an evidentiary hearing, the Hearing Officer issued a final order remanding the case to CSSD for an administrative review. *Id.*

Upon completion of the review, OAH opened a new case, 2018 OAG 00038, to address the propriety of the attachment of the E*Trade funds.  *Id.* at 2.  In that case, the Hearing Officer determined that (1) at the time of attachment, Plaintiff owed over $165,000 in child support arrears, an amount far greater than the $16,500 attached; (2) the District improperly garnished the E*Trade account not because garnishment was otherwise unlawful, but because the District filed the garnishment in connection with the wrong case—the closed 2009 SUP 1273 case rather than the 2009 DRB 1388 case; and (3) the District should return the funds to Plaintiff.  *Id.* at 22-23.  The District is currently appealing that decision within OAH.

Plaintiff now brings suit against the District and the individual defendants, who were CSSD employees at the time of the enforcement actions.  The crux of the allegations is that the District's enforcement of the child support award was unlawful for its failure to comply with various purported legal requirements.  *See* Am. Compl. ¶¶ 22, 24-30.  Plaintiff also alleges that he was able to challenge the enforcement actions and was successful in part.  *Id.* ¶¶ 14, 16-17.  As a

result of the alleged illegal action, Plaintiff asserts that he sustained financial losses and was unable to travel to visit his grandmother in Barbados. *Id.* ¶¶ 51, 52.

Based on these allegations, the Amended Complaint asserts nine different counts. The sole federal claim, Count III, alleges that the District deprived Plaintiff of his constitutional due process rights by wrongfully attaching his E*Trade account. *Id.* at 16-17. Counts I, II, IV, and V assert common law claims of negligence per se, negligent infliction of emotional distress, malicious prosecution, and negligent supervision, respectively. *Id.* at 10-16, 17-19. The remaining counts (Counts VI-IX) list only a type of relief sought rather than a theory of liability. *See id.* at 19-21.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Supreme Court has set forth a "two-pronged approach" that a trial court should use when ruling on a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a trial court generally must consider a plaintiff's factual allegations as true, the court should first "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, the basic pleading standards "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

Once the court has determined that the plaintiff has asserted "well-pleaded factual

allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*; *see also Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting passage with approval). In other words, a plaintiff's factual allegations must allow a court to draw a reasonable inference that the defendant is liable for the misconduct alleged, if the factual allegations are proven true. *See Matrixx Industries, Inc. v. Siracusano*, 563 U.S. 27, 45-46 (2011).

"'In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice.'" *Baird v. Holway*, 539 F. Supp. 2d 79, 84 n.2 (D.D.C. 2008) (quoting *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 47-48 (D.D.C. 2007)). Further, the court may rely on the decisions of administrative agencies without converting the Rule 12(b)(6) motion to a motion for summary judgment because "it is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice." *Id.* (citation and quotation marks omitted); *see also Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 28 n.2 (D.D.C. 2016) ("[T]he Administrative Judge's Initial Decision, Treasury's Final Agency Decision, and MSPB's Final Order are official, public documents subject to judicial notice").

**ARGUMENT**

The Court should dismiss the Amended Complaint's claims against Rice, McIntyre, and Benfield in both their personal and official capacities. The Amended Complaint fails to state a claim against Rice, McIntyre, and Benfield in their personal capacities because the Amended Complaint contains no factual allegations whatsoever about their individual actions, and in any event, the allegations do not establish the liability of any government defendant. The Amended

Complaint should also be dismissed as to the claims against Rice, McIntyre, and Benfield in their official capacities because official capacity suits for damages are properly brought against the government itself.

I. **The Amended Complaint Does Not State Any Viable Claim Against Rice, McIntyre, Benfield in Their Personal Capacities.**

The Amended Complaint fails to state a claim against Defendants Rice, McIntyre, and Benfield in their personal capacities both because there are no allegations against these defendants specifically, and also because the facts alleged do not establish the necessary elements of any legally viable claim.

    A. **The Amended Complaint Contains No Allegations About Defendants Rice, McIntyre, and Benfield Specifically.**

Plaintiff has not alleged any facts to support his claims that Rice, McIntyre, and Benfield are personally liable for either the constitutional or common law claims. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff offers no theory of how Rice, McIntyre, or Benfield could be liable for any of the alleged violations of his constitutional rights. Rather, Plaintiff does nothing more than name Rice, McIntyre, and Benfield as defendants. Having failed to allege their direct involvement in any alleged constitutional violation, the Court should dismiss Rice, McIntyre, and Benfield as defendants in their personal capacities. *See Stone v. Walsh*, 756 F. Supp. 2d 4, 7 (D.D.C. 2010) (dismissing § 1983 claims against government official defendant where his direct involvement in violations was not alleged), *aff'd*, No. 10-7177, 2011 WL 1766057 (D.C. Cir. Apr. 4, 2011); *see also Crowder v. Bierman, Geesing, & Ward LLC*, 713 F. Supp. 2d 6, 8

6

(D.D.C. 2010) (dismissing defendants named as parties because the complaint made no factual allegations against them).

The common law claims are likewise unsupported by any factual allegations of Rice, McIntyre, or Benfield's specific involvement.  The sole reference in the Amended Complaint to Rice, McIntyre, or Benfield, other than naming them as defendants, is to note that Rice is a supervisor in CSSD and therefore must be liable for negligent supervision and training of other CSSD employees.  *See* Am. Compl. at 18-19.  However, the Amended Complaint does not allege any facts at all as to how Rice was negligent in her supervision and training.  *See id.*  This is precisely the type of "pleading[] that, because [it is] no more than conclusions, [is] not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678.  Accordingly, Plaintiff has not plead any valid common law claims against Rice, McIntyre, and Benfield.[2]

B. **The Amended Complaint Does Not Otherwise State Any Legally Valid Claims.**

Defendants Rice, McIntyre, and Benfield adopt and incorporate the legal arguments made by the District in its Motion to Dismiss [6] and Reply [22] that each of the counts in the Amended Complaint fails to allege a legally valid claim.  In summary, the constitutional due process claim (Count III), the sole federal claim in this action, fails because the District afforded and continues to afford Plaintiff ample opportunity to challenge the purported illegal action through a robust administrative process, which includes evidentiary hearings and appellate

---

[2] Because Plaintiff makes no allegations against these individuals specifically, it is impossible to determine definitively what defenses Rice, McIntyre, and Benfield may have if Plaintiff would allege their direct involvement in some way.  It is worth noting, however, that Rice, McIntyre, and Benfield may be entitled to complete prosecutorial immunity, *see Gray v. Poole*, 243 F.3d 572 (D.C. Cir. 2001), or alternatively, qualified immunity.  *See, e.g.*, *Davis v. Sherer*, 468 U.S. 183 (1984) (holding officials were entitled to qualified immunity for alleged due process violation).

rights. Because Plaintiff fails to state a federal claim, the Court should not exercise supplemental jurisdiction over Plaintiff's common law claims (Counts I, II, IV, and V). But even if the Court exercises pendent jurisdiction in its discretion, the common law claims fail because Plaintiff has not alleged sufficient facts to establish the necessary elements of those claims. Finally, the remaining counts (Counts VI-IX) do not allege independent causes of action.

## II.  The Claims Against Rice, McIntyre, and Benfield in Their Official Capacities Should Be Dismissed as Redundant.

As a general rule, the Supreme Court has held that "[t]here is no longer a need to bring official-capacity actions against local government officials." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). "When sued in their official capacities, government officials are not personally liable for damages," and therefore "a suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself." *Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citation omitted). And specifically, "[a] § 1983 suit for damages against municipal officials in their official capacities is equivalent to a suit against the municipality itself." *Ford v. Donovan*, 891 F. Supp. 2d 60, 68 (D.D.C. 2012) (citations, ellipses, and quotation marks omitted). Courts thus routinely dismiss official capacity suits as redundant with suits against the municipality itself. *See, e.g.*, *id.* (dismissing official-capacity §1983 claim); *Freeman v. District of Columbia*, 60 A.3d 1131, 1145 (D.C. 2012) (affirming dismissal of official-capacity District law claim). Because the District is also a defendant in this lawsuit, the official-capacity claims against Rice, McIntyre, and Benfield are superfluous and should be dismissed.

## CONCLUSION

For these reasons, the Court should grant Defendants Rice, McIntyre, and Benfield's motion to dismiss the Amended Complaint.

Date:   June 9, 2020                                        Respectfully submitted,

                                                            KARL A. RACINE
                                                            Attorney General for the District of Columbia

                                                            CHAD COPELAND
                                                            Deputy Attorney General
                                                            Civil Litigation Division

                                                            /s/ *Christina Okereke*
                                                            CHRISTINA OKEREKE [219272]
                                                            Chief, Civil Litigation Division Section II

                                                            /s/ *Philip Medley*
                                                            PHILIP MEDLEY [1010307]
                                                            Assistant Attorney General
                                                            441 Fourth Street, N.W.
                                                            Suite 630 South
                                                            Washington, D.C. 20001
                                                            (202) 724-6626
                                                            (202) 741-5920 (fax)
                                                            Philip.medley@dc.gov

                                                            /s/ *Matthew Trout*
                                                            MATTHEW TROUT [1030119]
                                                            Assistant Attorney General
                                                            441 Fourth Street, N.W.
                                                            Suite 630 South
                                                            Washington, D.C. 20001
                                                            (202) 724-5695
                                                            (202) 724-6590 (fax)
                                                            matthew.trout1@dc.gov

                                                            *Counsel for Defendants Rice, McIntyre, and Benfield*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HENOK MENGESHA,

*Plaintiff*,

v.

DISTRICT OF COLUMBIA, et al.,

*Defendants*.

Case No. 1:19-cv-3304 (ABJ)

### ORDER

Upon consideration of Defendants Benidia Rice, James Kevin McIntyre, and Magda Benfield's Motion to Dismiss the Amended Complaint, any opposition or reply thereto, and the entire record herein, it is this _____ day of _____, 2020 hereby

**ORDERED** that Defendants' Motion is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

Copies to:

Henok Mengesha
*Pro se Plaintiff*

Philip Medley
Matthew Trout
*Counsel for Defendants Rice, McIntyre, and Benfield*