# US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Henok A. Mengesha

v.                                                                              1:19-cv-03304

Benidia Rice et al                                              Judge: Jackson, Amy Berman

## Motion for reconsideration

Plaintiff requests the court to reconsider the order because it was contrary to the allegations and evidence that were presented to the court and the court misinterpreted plaintiff's allegations. Plaintiff has properly alleged that the defendants violated federal laws. The court has jurisdiction of the causes of action that arose solely under federal law. The court's finding that I had and have enough post-deprivation due process does not address the pre-deprivation violations of due process and its damages. Plaintiff has made a proper claim for injunctive relief and properly alleged damages against the defendants in their official and individual capacity. For the reasons above, the allegations in the complaint and other filings, plaintiff respectfully requests that the court reconsider its analysis of the case and vacate its final order.

## Summary of the arguments

Plaintiff's main allegation is the violation of due process **prior** to the taking of property that is $17k and $150K and the reporting to federal agencies without the due process and without valid court orders as required by federal laws. Federal law prohibits any negative actions by the defendants against plaintiff **prior** to the meeting of certain conditions as specified in federal child support laws. The plaintiff's allegation which was found to be true by office of the administrative hearings (OAH) is that the defendants withheld funds based on an

1

RECEIVED
Mail Room
DEC 2 8 2020
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

order that was paid off and dismissed. In order to withhold such funds, the defendants had to report to the federal agencies that permitted the defendants to withhold funds based on an order that was paid in full, vacated and dismissed. This action violated my federal child support laws. I have alleged that I was damaged by the withholding of the funds and I can prove my damages. I have alleged that the reporting to the federal offset program based on a dismissed case caused me damages. I have also alleged that federal law prohibits the attachment of my retirement accounts without a specific order and that I have been damaged by the district's and defendant's actions. I have properly sought to restrain the defendants based on federal law that they cannot continue to report to the federal offset program based on a dismissed and vacated case, without a valid court order and while holding $180k which is $20k above alleged arrears. All these allegations and causes of action is properly in front of this court.

## Arguments

I. **Plaintiff did not fail to state a claim that he has been deprived of due process under section 1983.**

On page 6 of its order, the court stated,

"Here, the private interest affected by the writ of attachment is purely economic. So while plaintiff may have an important protected property interest in his savings, it is an interest that can *11 be **fully refunded** if it was taken in error. As for the process that was afforded, plaintiff was given notice of OAH's calculations of the amounts he owed in child support, and a review of the complaint shows that he not only had the opportunity to challenge the resulting writ of attachment, but he did so robustly. Indeed, OAH rendered a decision in plaintiff's favor in 2019

and ordered the funds released to him. 2019 OAH Final Order at 23. The mere fact that CSSD has exercised its right to appeal the decision ordering that the funds be returned does not support a claim that due process has been or will be denied; plaintiff has provided no evidence that he will be unable to participate fully in that proceeding."

"Therefore, the Court concludes that plaintiff has failed to state a claim for a deprivation of his property without due process because it is plain from the face of the complaint and the public records of the proceedings he describes in the complaint that plaintiff has had and *12 will continue to have multiple opportunities to challenge the District's efforts to enforce his child support obligations."

The court's position that I will be fully refunded does not make plaintiff whole. The fact that there is post-deprivation process does not make the pre-deprivation due process violation and its associated damages legal and/or make plaintiff whole. To the contrary, I continue to suffer and the damages have not been made whole. I have properly alleged that the Defendants violated my pre-deprivation due process and that I was damaged by the defendants regardless if the defendants made a mistake or an error. I have to be able to proof my damages to the jury. "An essential principle of due process is that a deprivation of life, liberty, or property 'be **preceded** by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985), quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). The government must provide "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333, quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

After my property is taken without due process, and after the reporting to federal agencies that restricted my freedom, and then I am given the opportunity to fight to get my property and my freedom- is precisely what the due process was meant to protect prior to the actions taken by the defendants. Due process must precede the actual taking and reporting. Federal law on child support is clear and unambiguous in regards to the due process requirements prior to the taking of a negative action.

Due process requires "that an individual be given an opportunity for a hearing **before** he is deprived of any significant property interest." Boddie v. Connecticut, 401 U.S. 371, 379 (1971). This rule has limited exceptions for when applying it would be unworkable, but those exceptions are narrow and are triggered only by a true exigency—not mere inconvenience. The general rule, of course, is that absent an 'extraordinary situation' a party cannot invoke the power of the state to seize a person's property without a prior judicial determination that the seizure is justified."); Brock v. Roadway Exp., Inc., 481 U.S. 252, 261-62 (1987) (plurality) ("[T]he Court has upheld procedures affording less than a full evidentiary hearing if some kind of a hearing ensuring an effective initial check against **mistaken** decisions is provided before the deprivation occurs, and a prompt opportunity for complete administrative and judicial review is available." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (quoting Boddie, 401 U.S. at 379).

These decisions make clear that where, as here, the defendants are confiscating property and reporting to federal agencies pursuant to an established procedure or statutes controlled by federal law, it must provide some form of process in advance; they did not. Plaintiff has properly stated a claim and respectfully requests the court to vacate its order.

4

II.     **Plaintiff did not fail to state claims against the named defendants in their individual capacities.**

Here the court finds that plaintiff did not allege against the defendants in their individual capacity. My complaint referred to all named defendants as "defendants". The term included all defendants in their official capacity and individual capacity. I have specifically alleged that , "the defendants violated a statutory right and constitutional right of due process, and that my rights were clearly established at the time of the defendants conduct." "persons acting under color of law," which has long been interpreted by this Court in the 42 U. S. C. §1983 context to permit suits against officials in their individual capacities, Memphis Community School Dist. v. Stachura, 477 U. S. 299, 305–306. Pp. 3–5.  Persons may sue and obtain relief "against a government," which is defined to include "a branch, department, agency, instrumentality, and official (or other person acting under color of law) ...." The phrase "persons acting under color of law" draws on one of the most well-known civil rights statutes: 42 U. S. C. §1983. That statute applies to "person[s] . . . under color of any statute," and this Court has long interpreted it to permit suits against officials in their individual capacities. See Memphis Community School Dist. v. Stachura, 477 U. S. 299, 305–306, and n. 8 (1986). In the context of suits against Government officials, damages have long been awarded as appropriate relief. This Court had interpreted the modern version of §1983 to permit monetary recovery against officials who violated "clearly established" **federal law**. E.g., Procunier v. Navarette, 434 U. S. 555, 561–562 (1978); Siegert v. Gilley, 500 U. S. 226, 231 (1991). There is no doubt that damages claims have always been available under §1983 for clearly established violations of the First Amendment. See, e.g., Sause v. Bauer, 585 U. S. (2018) (per curiam). This court's

findings is not supported by the allegations and evidence presented and the plaintiff respectfully request that the court reconsider its decision.

### III.    Count one, two, four and five are properly in front of the federal court

Each count/claim specifically alleges that federal laws that protected my rights were violated and I have a right to redress through the federal courts for causes of action that arose based on federal law. The allegation that federal law was violated was repeated over 53 times in the complaint. Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." US Const, Art III, Sec 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient. Osborn v. Bank of the United States, 9 Wheat. (22 U.S.) 738 (1824). This statute gives federal courts jurisdiction only to those cases which "aris[e] under" federal law. 28 USC 1331. Therefore, this court has jurisdiction over count one, two, four and five. Even if the court did not have jurisdiction, it should exercise its discretionary supplemental jurisdiction because the entire suit arises from the federal child support laws and not state law.

### IV.    Count VII-Preliminary and permanent injunction

I had requested for permanent and preliminary injunction to prevent the defendants from reporting to federal offset programs including all the other programs under Federal offset programs unless they have an order from DC superior court to withhold income and to remove reporting to such agencies under the order that was paid in full, vacated and dismissed. All conditions for reporting must be met prior to reporting. A dismissed and paid off case is one of those cases that cannot be reported.

This court found that the defendants made an administrative error. However, the defendants did not correct the error by removing or reversing the reporting based on order that was dismissed and vacated and based on orders that did not permit the defendants to report. I have properly alleged damages due to this reporting to federal agencies that violated federal child support laws.

The defendants have refused to correct their errors and reporting to federal agencies even after they are withholding over $180k which is $20k more than the alleged balance. As a direct result, I have suffered and will continue to suffer unless this court issues a restraining order. I have properly requested a relief for injunction, the only remedy that will halt the defendants is a restraining order. This court should grant that relief. The office of administrative hearing (OAH), even though it ordered my funds that were illegally taken to be returned, the OAH cannot issue injunctions.

V.  **Refund of funds and other relief**

The refund of funds is properly before this court as the Office of administrative hearing cannot issue money judgements. OAH has found that the District must return the funds; the district has refused. The district's motion to reconsider that was filed in OAH was denied as a matter of law. Therefore, this court can issue a judgement for the funds that plaintiff can collect directly from the defendants.

*[signature]*
Henok A. Mengesha

## Certificate of Service

I certify that a true copy of the foregoing and attached was mailed through regular mail and delivered to Defendant's 12/24/2020

12-I- defendants did not respond to the consent to file this motion

*Henok Araya*

Matthew trout

Assistant attorney general

District of columbia

441 4th st nw suite 630 south

Washington dc 20001

Matthew.trout1@dc.gov