UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENOK MENGESHA, <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> *Defendants*. | Case No. 1:19-cv-3304 (ABJ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

### INTRODUCTION

Defendants the District of Columbia (the District), Benidia Rice, Magda Benfield, James Kevin McIntyre, Nicole Reece, and Yajaira Briganty respectfully submit this opposition to Plaintiff's motion to reconsider the Court's November 30, 2020 Order granting Defendants' respective motions to dismiss and denying Plaintiff's request for a preliminary injunction. Plaintiff provides no cognizable basis for reconsideration. Thus, the Court should deny Plaintiff's motion.

### BACKGROUND

Plaintiff filed the Amended Complaint on December 6, 2019, against the District and Benidia Rice, Magda Benfield, James McIntyre, Nicole Reece, and Yajaira Briganty, who are all current or former employees of the D.C. Office of the Attorney General's Child Support Services Division (CSSD). Plaintiff claimed that Defendants are liable for their allegedly unlawful enforcement of a D.C. Superior Court child support order. Specifically, Plaintiff challenged CSSD's attachment of his retirement accounts to satisfy his outstanding arrears. Plaintiff asserted that an administrative error by CSSD violated his constitutional due process rights. On

this basis, he brought a constitutional tort claim and various common law claims.  *See* Am. Compl. [4-1] at 10-19.

Defendants filed respective motions to dismiss.  Plaintiff moved for a preliminary injunction, which the Court consolidated with its consideration of the merits under Fed. R. Civ. P. 65(a)(2).  *See* May 22, 2020 Min. Order.  On November 30, 2020, the Court granted Defendants' motions to dismiss and denied Plaintiff's motion for a preliminary injunction.  Nov. 30, 2020 Mem. Op. [38]; Nov. 30, 2020 Order [39].  Plaintiff now seeks reconsideration of that ruling and reinstatement of the Amended Complaint.

## STANDARD OF REVIEW

A motion seeking reconsideration under Fed. R. Civ. P. 59(e) "is disfavored."  *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 421 (D.D.C. 2005).[1]  Such motions are "not routinely granted."  *Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996).  While a Rule 59(e) motion is "discretionary[,]" the court may grant such a motion only if (1) "there is an 'intervening change of controlling law[;]'" (2) "new evidence becomes available[;]" or (3) "the judgment should be amended in order to 'correct a clear legal error or prevent manifest injustice.'"  *Leidos, Inc. v. Hellenic Republic,* 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

A Rule 59(e) motion should not be granted if a district court suspects that a losing party is using the motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Turner v. U.S. Capitol Police*, No. 12-CV-45,

---

[1]  Plaintiff does not specify the procedural basis for seeking reconsideration.  However, "[a] motion to reconsider a final order is generally treated as a Rule 59(e) motion if it is filed within the filing time limit set forth in that rule."  *Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011).  Because Plaintiff filed his motion within the 28 days provided by Rule 59(e), the Court should construe the motion as seeking relief under Rule 59(e).

2014 WL 169871, at *1 (D.D.C. Jan. 16, 2014) (citation and internal quotes omitted); *see also Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011) ("Rule 59(e) motions are not granted if the court suspects that the losing party is using the motion as an instrumentality for asserting new arguments that could have been advanced earlier.") (citations and ellipses omitted). "The strictness with which [Rule 59(e)] motions are viewed is justified by the need to protect both the integrity of the adversarial process . . . and the ability of the parties and others to rely on the finality of judgments." *U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos.*, 403 F. Supp. 2d 34, 36 (D.D.C. 2005).

## ARGUMENT

**Plaintiff Does Not Show a Clear Legal Error or Manifest Injustice and His Motion Merely Attempts to Relitigate Old Matters.**

To prevail on a motion under Rule 59(e), Plaintiff must demonstrate that reconsideration is necessary to "correct a clear legal error or prevent manifest injustice."[2] *Leidos, Inc.*, 881 F.3d at 217. "[M]anifest injustice" requires "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Id.* Plaintiff cannot meet this standard.

First, Plaintiff fails to show any clear legal error. The five alleged errors Plaintiff identifies are insufficient to resuscitate his defective Complaint, and thus, on reconsideration, dismissal is still appropriate. Plaintiff argues that the Court erred in five primary respects: (1) failing to adequately consider the process afforded to Plaintiff prior to the attachment as opposed to the process challenging the attachment after the fact; (2) dismissing the claims against the individual defendants; (3) declining to exercise supplemental jurisdiction over the common law

---

[2] Plaintiff does not contend that there has been an intervening change in law or that there is new evidence; rather he argues that the Court's substantive analysis was incorrect. *See* Pl.'s Mot. for Reconsideration [40] at 2-7.

3

claims; (4) denying Plaintiff's request for an injunction; and (5) dismissing Plaintiff's standalone claim for return of funds.  *See* Pl.'s Mot. for Reconsideration [40] at 2-7.  But Plaintiff does not dispute the Court's analysis that he failed to establish municipal liability against the District under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See id.* at 2-4.  And although Plaintiff correctly notes that a § 1983 claim can be brought against individual employees of the District under certain circumstances, he does not meaningfully dispute the Court's conclusion that he "failed to allege any wrongdoing by the named defendants in their individual capacities."  Nov. 30, 2020 Mem. Op. [38] at 12.  Without any factual allegations specific to the individuals, his claims against the individual defendants also fail.  *See id.*  Because Plaintiff does not dispute these key conclusions, his due process claim could not succeed even if he were correct on the new arguments he presents.

Moreover, Plaintiff cannot demonstrate manifest injustice because the Court correctly identified numerous avenues still available to Plaintiff to challenge his child support obligations and any related enforcement actions.  *See id.* at 11-12.  It is not "fundamentally unfair" for Plaintiff to be required to avail himself of these other means, particularly when, as the Court noted, Plaintiff is already pursuing these options and they could potentially moot all of his claims.  *See id.* at 11 n.11.  For these reasons, Plaintiff cannot meet the Rule 59(e) standard, and the Court should deny the motion to reconsider.

Plaintiff's motion for reconsideration also violates the fundamental principle that Rule 59(e) does not allow parties to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  Plaintiff's five arguments in support of reconsideration are not new or unforeseen—all were litigated at the motion to dismiss stage and addressed by the

4

Court. The Court examined the complete process afforded to Plaintiff from the Superior Court determination of child support obligations prior to attachment through the subsequent CSSD enforcement actions at OAH, Nov. 30, 2020 Mem. Op. at 10-12; the lack of specific allegations against the individual defendants, *id.* at 12-13; supplemental jurisdiction over the common law claims, *id.* at 14-15; Plaintiff's request for an injunction, *id.* at 15-16; and Plaintiff's request for a return of funds. *Id.* Because Plaintiff is simply attempting to relitigate matters already decided, the Court should deny Plaintiff's motion.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion to reconsider its November 30, 2020 Memorandum Opinion and Order.

Date:   January 11, 2021                                       Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Philip Medley*
PHILIP MEDLEY [1010307]
Assistant Attorney General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 724-6626
(202) 741-5920 (fax)
Philip.medley@dc.gov

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
Assistant Attorney General

400 6th Street, N.W.<br>
Washington, D.C. 20001<br>
(202) 724-5695<br>
(202) 724-6590 (fax)<br>
matthew.trout1@dc.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This certifies that on January 11, 2021, undersigned counsel served a copy of the foregoing opposition on Plaintiff *pro se* via email at the following address:

arayahen@yahoo.com

/s/ *Matthew Trout*
MATTHEW TROUT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HENOK MENGESHA,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA, et al.,

    *Defendants*.

Case No. 1:19-cv-3304 (ABJ)

**ORDER**

Upon consideration of the Plaintiff's Motion for Reconsideration, Defendants' opposition, any reply, and the entire record, it is this _____day of _____ 2021, hereby

**ORDERED** that Plaintiff's Motion is **DENIED.**

**SO ORDERED.**

    AMY BERMAN JACKSON
    United States District Judge